SCHOOL DISTRICT NO. 94, a Corporation, v. W. W. KING, D. B. Shaw, F. D. Rice, C. M. Thompson, S. F. Sherman, constituting the Board of Education of the Village of Tower City, N. D., and A. G. Lewis, County Auditor of Cass County, N. D.

(127 N. W. 515.)

**Constitutional Law — Amendment of Statutes — Title of Acts.**

1. An amendatory act is not contrary to § 61 of the state Constitution, requiring the subject of the act to be expressed in the title, when it does not relate directly to the provisions of the section amended. It is sufficient if the amendment is germane to the subject of the act of which the amended section is a part, and the same is within the title of the original act.

**Constitutional Law — Schools and School Districts — Consolidation and Division — Legislative Discretion.**

2. Laws enacted for the consolidation or division of school districts are valid as resting solely on legislative discretion or policy, unless they are contrary to some constitutional provision.

**Constitutional Law — Due Process of Law — Division of School Districts.**

3. Chapter 106, Laws 1907, relating to division of school districts and attaching parts thereof to a city, town, or village for school purposes, is not unconstitutional as taking property without an opportunity for a hearing or as depriving school districts of their property without due process of law.

**Constitutional Law — Due Process of Law — Division and Consolidation of School Districts.**

4. A division or partial consolidation of school districts under chapter 106, Laws 1907, is not in violation of the Constitution forbidding the taking of property without due process of law. The ownership of the property in such cases is not of private property. It is property devoted to state purposes, and subject to legislative control, unless the legislature violates some constitutional provision in reference to the same.

---

Note.—As to effect of changing boundaries of school district upon rights in real property, see note in 26 L.R.A. (N.S.) 486.

**Injunction — Continuance or Dissolution Rests in the Sound Discretion of the Trial Court.**

5. Whether a preliminary injunction shall be continued in force pending the trial on the merits of the action, or dissolved on motion, rests in the sound judicial discretion of the trial judge, and his action thereon will be upheld unless such discretion has been manifestly abused.

Opinion filed June 29, 1910.

Appeal from the District Court for Cass county; *Pollock, J.*

Action to restrain the defendants from executing an order attaching certain territory to the defendant for school purposes. Injunction dissolved. Plaintiff appeals.

Affirmed.

MORGAN, Ch. J.   The complaint alleges the following facts: That plaintiff is a duly organized school district of the county of Cass, and as such owns a schoolhouse in which is conducted school for at least nine months each year; that the territory comprising said district consists of sections 1 to 12, inclusive, of township 140, range 55: that the schoolhouse owned by said district is situated on section 9: that the defendants compose the board of education of the village of Tower City, in said county the said board of education is duly organized for the purpose of carrying on a public school in said village: that the defendants, as such board of education, did, on the 3d day of June, A. D. 1909, make an order attaching to the village of Tower City, for school purposes, all of sections 4, 5, 6, 7, 8, and 9 in said township and range: that said order was based upon a petition which was fraudulently presented to said board, and said order was void for the reason that the petition was not signed by a majority of the voters of the territory to be attached to the village of Tower City for school purposes: that said territory to be annexed to the village of Tower City for school purposes is more than 3 miles from the central school, in said village, and the petition was not signed by two thirds of the school voters residing in the territory that is more than 3 miles from the central school: that the board, in making said order, acted illegally and in violation of § 949, Rev. Codes 1905, as amended by chapter 106, of the Laws of 1907, and said chapter 106 is unconstitutional and void: that said de-

fendants are threatening to carry out such illegal and void proceedings, and if not restrained from so doing, their action will greatly injure the plaintiff and the inhabitants thereof, and that they have no adequate remedy at law.

The relief demanded is that the defendants be restrained from proceeding with the carrying out of the order. An order to show cause was issued by the trial court, why the defendants should not be restrained as prayed for in the complaint, and a temporary restraining order was issued. Upon the return day of the order to show cause on the 21st day of June, 1909, the district court denied the application to make the order permanent, and denied the application to continue the same in force pending the trial of the action. A stay of proceedings for ten days was granted to the plaintiff, to perfect an appeal to the supreme court, and a supersedeas bond was ordered to be given in the sum of $1,500. The plaintiff has appealed from the order denying the application to make the injunction permanent, or to continue the same in force pending the trial of the action.

In this court the appellant relies upon the following grounds for a reversal of the order:

1. That the statute under which defendant seek to proceed is unconstitutional, for the reason that it does not provide for any fair and legitimate mode of hearing on the part of the parties concerned.

2. By annexing section 9 of said territory, the defendants confiscated and destroyed the schoolhouse property belonging to school district No. 94.

3. That the defendants, in making the order in question, perpetrated a fraud upon the inhabitants of school district No. 94.

4. That said chapter 106, of the Laws of 1907, is void, as contravening the provisions of § 61 of the Constitution.

5. "Conceding that said act is constitutional, it was error to deny an injunction, *pendente lite,* where great public interests were involved, as in this case."

Section 949, Rev. Codes 1905, pursuant to which the defendants are proceeding, is as follows, to wit: "When any city, town, or village has been organized for school purposes, and provided with a board of education under any general law, or a special act, or under the provisions of this article, territory, outside the limits thereof but adjacent

thereto may be attached to such city, town, or village for school purposes by the board of education thereof, upon application in writing signed by a majority of the voters of said adjacent territory; provided, that no territory shall be annexed which is at a greater distance than 3 miles from the central school in such special district, except upon petition signed by two thirds of the school voters residing in the territory which is at a greater distance than 3 miles from the central school in such special district; and, upon such application being made, if such board shall deem it proper and to the best interests of the school of such corporation and of the territory to be attached, an order shall be issued by such board attaching such adjacent territory to such corporation for school purposes, and the same shall be entered upon the records of the board. Such territory shall, from the date of such order, be and compose a part of such corporation for school purposes only. Such adjacent territory shall be attached for voting purposes to such corporation, or, if the election is held in wards, to the ward or wards or election precinct or precincts to which it lies adjacent; and the voters thereof shall vote only for school officers and upon such school questions; provided, that the county commissioners shall detach any part of such adjacent territory which is at a greater distance than 3 miles from the central school in such special district, and attach to any adjacent school or special district or districts, upon petition to do so, signed by three fourths of the legal voters of such adjacent territory, and all assets and liabilities shall be equalized according to section 864."

So far as the unconstitutionality of chapter 106, Laws of 1907, on the alleged ground that it infringes on section 61 of the state Constitution relating to titles, is concerned, it appears that said act is an amendment of § 949, Rev. Codes 1905. The amendment in the 1907 law in no way changes the original act as to any question affecting this case. It confers upon the county commissioners, under certain conditions, authority to attach certain portions of a school district, after division thereof, to a school district of another county. The fact that this amendement confers the authority upon county commissioners to attach certain portions of a school district to a school district of another county is immaterial so far as the rights of this plaintiff or any inhabitant of the plaintiff district are concerned. Whether the con-

ferring of such authority upon the county commissioners is or is not a constitutional enactment, we need not, therefore, determine, as no such authority was exercised or attempted to be exercised in the case at bar. The plaintiff, therefore, cannot urge the invalidity of the 1907 act under the facts of this case.

The title of the act of 1907 is as follows: "An Act to Amend § 949 of the Revised Code of 1905, Relating to Education." Section 949 was originally enacted as a state law in 1890, but the same was in force before 1890 as a part of the territorial statutes. The section has been continued in force in the revision as originally enacted, so far as any question here involved is concerned. The title of the act of 1890, of which § 949 was a part, was, "An Act to Provide for a Uniform System of Free Public Schools Throughout the State and Prescribe Penalties for Violations of the Provisions Thereof." The title of the act of 1890 is sufficiently broad and comprehensive to include § 170 of that act, which was the same substantially as § 949, until amended in 1907. The general subject of public schools includes the division of school districts. Under the decisions of this court since Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841, § 61 of the Constitution is complied with so far as amendatory acts are concerned, where the number of the act or section to be amended is given in the title of the amendatory act, and the subject-matter of the amendment is germane to the subject of the original act, and within its title.

This question has recently been considered by this court in State v. Fargo Bottling Works Co. 19 N. D. 396, 26 L.R.A.(N.S.) 872, 124 N. W. 387, and the rule adhered to that "it is a sufficient compliance with the constitutional requirement if the subject-matter of such amendment is germane to the subject-matter of the original act . . . and is within the title of that act."

In Erickson v. Cass County, this principle was announced in the following language: "It is not necessary that the provisions embodied in an amendment to a section of a statute shall relate directly to the particular provisions contained in the section amended. It is sufficient if the subject-matter of the amendment is germane to the subject of the act of which the amended section is a part, and is within the title of the original act."

Under these decisions, there is no ground to uphold the contention that the act is in violation of § 61 of the Constitution.

The next objection to the statute in question and to the proceedings is that no hearing is provided for to enable those that may desire to do so to present objections or protests. It is therefore argued by the appellant that the property of the plaintiff district was taken without due process of law. No authorities have been cited sustaining this contention, and none have been found, except such as are against the contention. Although similar enactments have been criticized as often unwise and subject to abuse and injustice, they have been uniformly sustained, unless they have contravened some constitutional provision. In other words, the policy and wisdom of such legislation rest finally with the legislature, and unless some constitutional provision can be found that the law is opposed to, it will be sustained.

The right to a hearing or notice is not regarded as fatal to the law. The property of the district is regarded as state property, subject to the action of the legislature, or school boards, which are deemed state agencies when empowered by a statute to act. As stated by an eminent authority, "not only may the legislature originally fix the limits of the corporation, but it may, unless specially restrained in the Constitution, subsequently annex, or authorize the annexation of, contiguous or other territory, and this without the consent, or even against the remonstrance of the majority of the persons residing in the corporation or on the annexed territory. And it is no constitutional objection to the exercise of this power of compulsory annexation that the property thus brought within the corporate limits will be subject to taxation to discharge a pre-existing municipal indebtedness, since this is a matter which, in the absence of special constitutional restriction, belongs wholly to the legislature to determine." Dill. Mun. Corp. 4th ed. § 185.

In Abbott on Municipal Corporations, vol. 1, § 35, the same principle is stated: "The fact that at the time of its organization it includes or is included within certain limits does not prevent the passage of future legislation enlarging boundaries or dividing territory, or preclude annexation or division under existing laws. To state the principle more concisely, a public corporation, of whatever class, may have its territorial limits, under authority of law, arbitrarily or otherwise enlarged or reduced. The paramount question, if action is taken of this

character, is that of legislative authority, and the extent and manner of such annexation is a question solely within the discretion of the legislature, except as restraind by constitutional provisions, with which the courts cannot interfere."

In Keweenaw Asso. v. School Dist. No. 1, 98 Mich. 437, 57 N. W. 404, the court said: "It is no new thing for the legislature to fix the boundaries of school districts. It is done in the charter of nearly every city or village in the state, and some of them go so far as to provide exceptional methods of electing officers, and limiting the classes entitled to vote. Mudge v. Jones, 59 Mich. 165, 26 N. W. 325. Certainly, these are as destructive of the system referred to as the act in question, but none of these acts have ever been held invalid. On the contrary the legislative intent has been invariably carried out where they have been brought before the court."

In Atty. Gen. ex rel. Kies v. Lowrey, 131 Mich. 639, 92 N. W. 289, the court said: "The authority of the legislature to change the boundaries of counties, townships, and school districts does not necessarily involve the obligation to reimburse the portion deprived of the use of public property. Frequently such laws contain provisions for the purpose, but it is not necessary. The property is public property, held and used for the purposes of the state, which may, in the absence of constitutional prohibition, make such disposition of it as it sees fit."

The case last cited came before the Supreme Court of the United States, and is reported in 199 U. S., at page 233, 50 L. ed. 167, 26 Sup. Ct. Rep. 27. In disposing of the case the court said: "Plaintiff in error broadened in this court his objections to the act, based on the Constitution of the United States. He urges, besides, the contract clause of the Constitution, that provision of the 14th Amendment which protects private property from deprivation without due process of law, and § 4, art. IV. which provides, 'The United States shall guarantee to every state in the union a republican form of government.' But the grounds all depend ultimately upon the same arguments. If the legislature of the state has the power to create and alter school districts and divide and apportion the property of such districts, no contract can arise. No property of a district can be said to be taken, and the action of the legislature is compatible with a republican form of government even if it be admitted that § 4, art. IV.,

of the Constitution applies to the creation of, or the powers or rights of property of, the subordinate municipalities of a state. We may omit, therefore, that section and article from further consideration. The decision of the other grounds urged we may rest upon the opinion of the supreme court of the state, and the case of Laramie County v. Albany County, 92 U. S. 307, 23 L. ed. 552. It is there said in many ways, with citation of many supporting cases, that the legislature of a state has absolute power to make and change subordinate municipalities."

The case cited in vol. 92 U. S. 307, contains a review of many cases bearing on this question, and fully sustains such laws as against the objection here urged. There is no constitutional provision in this state to which the statute under consideration is repugnant. It may further be stated concerning the objection, that the plaintiff will be deprived of its property by being deprived of the schoolhouse on Section 9, that § 864, Rev. Codes 1905, authorizes distribution of the property of the district under the facts of this case.

The record shows that every requirement of the law was strictly complied with. The defendant does not contend otherwise. The allegation of the complaint, that the petition was "falsely and fraudulently" presented to the board of education, is not followed by any proof to substantiate that general allegation. This allegation, even if deemed sufficient, must fail as not substantiated by proof.

The same is true of the allegation in the complaint that the petition is not signed by a requisite number of the legal voters of the territory attached to the village of Tower City for school purposes. As stated before, the defendants have shown, by undisputed testimony, that every requirement of the statute was literally complied with.

For these reasons the application to continue the injunction was properly denied. Appellant strenuously contends in argument that the trial court committed prejudicial error in refusing to continue the injunction pending the trial of the issues in regular order on the merits. The trial court disallowed the application, on the ground that there was no showing that the proceedings were irregular or unauthorized, and no attempt was made to show their irregularity by proof, at the hearing. On this state of the record, the trial court dissolved the preliminary injunction. We do not think that such action was erroneous, even, and it is certain that this court would not be warranted in hold-

ing such action to be an abuse of discretion, which is the test by which to determine a matter on appeal.

Counsel relies on Gile v. Stegner, 92 Minn. 429, 100 N. W. 101, to sustain his contention. In that case public authorities had been enjoined from taking certain action in calling a special election, and the trial court refused to dissolve the injunction. The supreme court reversed the order of the trial court refusing to dissolve the injunction. In that case, as in this, the facts were undisputed, and the question presented was in reality one of law.

The other cases cited by appellant have been examined, but they are not in point.

The order is affirmed.