Argued September 28, decided October 10, 1911.

### SCHOOL DISTRICT NO. 48 *v.* SCHOOL DISTRICT NO. 115.

[118 Pac. 169.]

CONSTITUTIONAL LAW—VESTED RIGHTS — SCHOOL DISTRICTS — BOUNDARIES.

1. School districts have no vested right in the property acquired by them, but hold it in trust for the general public; and their boundaries may be changed at the will of the legislature.

COUNTIES—DIVISION.

2. Counties may be divided at the legislative will,, apportioning the property and liabilities as it deems just.

SCHOOLS AND SCHOOL DISTRICTS—CONSTITUTIONAL LAW—REMEDIES FOR INJURIES—RIGHT OF REVIEW.

3. Section 4022, L. O. L., provides that the arbitrators' decision, as to the division of the property of a school district upon the formation of a new district therefrom, shall be final, except that it may be reviewed by writ of review, as decisions of other inferior tribunals. Article I, Section 10 of the Constitution of Oregon gives every person a remedy by due course of law for injury to his person or property; and Article VII, Sections 1, 9, vests the judicial power of the State in certain courts. *Held*, that Section 4022 did not contravene the constitutional provisions, because it deprived a taxpayer in a school district of his property without giving him an opportunity to be heard on the merits by the court, the writ of review going only to the jurisdiction, since the property of school districts is held subject to the legislative will, and it may authorize a division of the property of a divided district without giving a right of review as to the correctness or justness of such division.

From Clackamas: JAMES A. EAKIN, Judge.

Statement by MR. JUSTICE MOORE.

This is a special proceeding to review an award of arbitrators. The return to the writ shows that in Clackamas County, school district No. 48 was divided, and from a part of its territory school district No. 115 was formed. As the boards of directors of these districts could not agree upon a division of the assets and liabilities, it was concluded to settle the difficulty by arbitration; whereupon the old district selected Harry Jones and the new district chose F. S. Baker. Pursuant to the statute, the county school superintendent, T. J. Gary, by virtue of his office, became the third member of the board of arbitration. The disputed matters being considered, the board determined that $761.56 was due from the old district to the new, and an award therefor was given. To review such action, these proceedings were instituted; the new district and the members of the board of arbitration being made parties defendant. The cause having been certified up to the circuit court, the award was reduced to $696.30, and, a judgment therefor having been given, the plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. George C. Brownwell* and *Messrs. Charles D. Latourette* and *D. Clinton Latourette,* with an oral argument by *Messrs. Latourette & Latourette.*

For respondent there was a brief over the names of *Mr. Harvey E. Cross* and *Mr. William Hammond* with an oral argument by *Mr. Hammond.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended that the statute authorizing the appointment of arbitrators, under the circumstances hereinbefore detailed, and containing the following clause, "The arbitrators' decision shall be final, except that it

may be reviewed by writ of review as the decisions of other inferior tribunals are reviewed," Section 4022, L. O. L., violates the fundamental law of the state by attempting to invest in an inferior body judicial powers without giving a right of appeal.

The organic act contains the following declaration: "Every man shall have remedy by due course of law for injury done him in person, property or reputation." Article I, Section 10 of the Constitution. The judicial power of the State is vested in certain courts, and all authority not exclusively bestowed on some other court shall belong to the circuit court. Article VII, Sections 1, 9 of the Constitution.

It is argued that a writ of review challenges only the jurisdiction of an inferior tribunal, and, however erroneous its determination may be, the remedy prescribed by the statute referred to is inadequate, and the provisions of the enactment quoted practically deprive a taxpayer in a school district which has been divided of his property without giving him an opportunity to be heard on the merits in a court recognized by the Constitution of Oregon.

1. It is incumbent upon a state to educate its youth, which duty may, for convenience, be delegated to school districts. These divisions are vested with certain powers, which they can employ in the particular manner prescribed. As agencies of the State, they have no vested right to the property which they may acquire, but hold it in trust for the general public, and such *quasi* corporations may be changed at the will of the power creating them. In speaking of such artificial bodies, a text-writer says: "Usually their functions are wholly of a public nature, and there is no room to imply any contract between them and the state, in their organization as corporate bodies except that which springs from the ordinary rules of good faith, and which requires

that the property they shall acquire, by local taxation or otherwise, for the purposes of their organization, shall not be seized by the state and appropriated in other ways." Cooley, Const. Lim. (6 ed.) 295.

2. A school district sustains no higher relations to the State than a county occupies, and the rule is settled that the legislative department may divide counties at pleasure, apportioning the assets and burdens in such manner as may be deemed just and reasonable. *Morrow County* v. *Hendryx,* 14 Or. 397 (12 Pac. 806) ; *Baker County* v. *Benson,* 40 Or. 207 (66 Pac. 815). In discussing this subject, a noted author remarks: "If the legislative action in these cases operates injuriously to the municipalities or to individuals, the remedy is not with the courts. The courts have no power to interfere, and the people must be looked to, to right, through the ballot box, all these wrongs." Cooley, Const. Lim. (6 ed.) 230.

3. By the division of a school district, the property of a taxpayer may be subjected to an incumbrance, but the burden imposed is equal in the remaining territory, and, since all property is held subject to an exercise of the legislative will, in respect to *quasi* corporations' property therein, sustains only a consequential injury, for the redress of which, except in cases of fraud in executing the statute, the owner has no remedy by due course of law.

Believing that no clause of the constitution was violated as alleged, the judgment is affirmed.    AFFIRMED.