JOHN THIE et al., Appellants, v. CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT OF MEDIAPOLIS et al., Appellees.

**CONSTITUTIONAL LAW:** Deprivation of Property—School Taxation.
A statute which authorizes the organization of a consolidated school
district and the inclusion therein of land without the owner's con-
sent, and the imposition thereon of school taxes, is not unconstitu-
tional as constituting a taking of private property without com-
pensation.

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

FEBRUARY 12, 1924.

ACTION to enjoin the levy and collection of taxes against
the property of the plaintiffs. The court, on motion of the de-
fendant, struck out certain portions of plaintiff's amended and
substituted petition and amendment thereto, and from said rul-
ing the plaintiffs appeal.—*Affirmed.*

*Seerley & Clark* and *J. C. McCoid*, for appellants.

*W. J. McConnell* and *La Monte Cowles*, for appellees.

FAVILLE, J.—Appellants allege that heretofore there was
organized a consolidated independent school district known as
the Consolidated Independent School District of Mediapolis,
Iowa, and that appellants are taxpayers within said corporation.
It is further alleged that the board of directors of said district
has taken steps for the levy of certain taxes for the use and
benefit of said district. The petition also alleges that:

"* * * the legislature of the state of Iowa has no authority
to pass a law attaching for school purposes the lands of the
plaintiff to the town of Mediapolis for the purpose therein set
out, and that the act of the legislature is the taking of private
property without just compensation, and is the placing of such
burdens of taxation upon the plaintiffs and those similarly situ-
ated as to be the taking of plaintiffs' lands without compensation
and without their consent, and that the act of the legislature in

[is] extending the authority of the town over the plaintiffs and all persons within the extended limits without their consent, and that the act takes from the plaintiffs their property for public use without just compensation.''

By an amendment the same matter is restated in greater detail, and it is also alleged that the statute permitting the formation of the consolidated independent school district, by which the property of persons objecting to the formation of said district is placed within said district and subject to taxation, is illegal, unconstitutional, and void.   Appellee's motion to strike the portion of the amended and substituted petition and amendment thereto alleging said matters was sustained by the trial court, and from such ruling this appeal is taken.   The motion is in the nature of a demurrer to the petition, and the question raised thereby involves the constitutionality of the statute providing for the organization of consolidated independent school districts.

Briefly stated, it is appellants' contention that the statute permitting the organization of a consolidated independent school district, whereby the property of appellants was placed within said district and subjected to taxes in the said newly formed district, is unconstitutional, in that it deprives appellants of their property without just compensation, and subjects them to a tax imposed by the newly formed district without their consent.   The statute in question is Section 2794-a, Code Supplement, 1913, and acts amendatory thereto.

Appellants rely largely upon the case of *Morford v. Unger*, 8 Iowa 82, and cases cited therein.   In said cause it appeared that the legislature passed a law amending the act to incorporate the city of Muscatine, and by said amendatory act extended the limits of the city of Muscatine about a mile to the east and about two miles to the north and west beyond its former boundaries.   The plaintiff in said action lived upon the territory brought into the city by the said act, and upon land used exclusively for farming purposes, about a mile from the old city limits, and his land was taxed by the city for city purposes.   We held that the land was situated too far from the city of Muscatine to be deemed in any just sense a part of it, and that the act extending the jurisdiction of the city over the plaintiff and

his property must be regarded as an attempt to take private property for public use, and within the prohibitive clause of the Constitution. The case is in no way determinative of the question presented in the case at bar.

The statute in question here provides a plan for the organization of consolidated school districts as a part of the public school system of the state. It is alleged in effect that all of the steps required by the statute for the organization of such a new school corporation were taken in the organization of the district in question. See, moreover, *State v. Consolidated Ind. Sch. Dist.*, 193 Iowa 856.

The case does not present a situation where the property of appellants is being taken, either by legislative act or by the corporation organized in pursuance of the statute, without just compensation or in violation of constitutional provisions. The situation is not analogous to one where an attempt is made to bring remote farm property within the city limits, where no benefit could inure by reason of such inclusion in the municipality, and where it was obvious that the property so taken would be subjected to the burden of taxation without receiving any benefits, as in the *Morford* case.

In the case at bar, appellants receive a benefit equally with other taxpayers within the district. The law provides a comprehensive scheme and plan for the purpose of organizing such a school corporation. The legal machinery requires the filing of a petition therefor and the submitting of the proposition to the electors, and other proceedings. The new corporation is organized solely for educational purposes. All persons residing within the territory are entitled to the same benefits. It was clearly within the legislative power to provide for the organization of such a school corporation in the manner pointed out by the statute.

It may be true, as claimed, that the organization of the new corporation will result in appellants' being compelled to carry a larger burden of taxation than before such corporation was organized; but it is presumable, at least, that educational benefits, in the way of better school facilities, are afforded by reason of such organization. In any event, that is a matter which we cannot inquire into in this proceeding. The point

made is that the statute is unconstitutional and void because the lands of appellants are included within the new corporation against appellants' wishes, and that the result of such inclusion is to place greater burdens of taxation upon appellants' lands than they would otherwise bear, and, therefore, to deprive them of their property without just compensation therefor. This contention is not well taken. Appellants are not deprived of their property without just compensation, and the mere fact that appellants may have been opposed to the inclusion of their lands within the boundaries of the newly organized district does not of itself prevent the organization from having been effectuated legally, nor does such fact render the statute in question unconstitutional.

The argument in the case has taken a wide range, and it is strenuously urged that the property of appellants is being taxed by the newly formed corporation for old debts of one of the independent districts that was included in the newly formed corporation, and that appellants' property cannot be taxed for such debts. This question, however, is not before us. The question of the legality of the use of public funds arising from any tax imposed by the newly formed corporation upon appellants' property is not involved in the decision of this appeal. The sole question raised by this appeal is with regard to the constitutionality of the statute providing for the organization of consolidated independent school districts. We limit our ruling to a decision of that question, and hold that said statute is not in violation of a constitutional provision upon any ground urged by appellants.

The ruling of the trial court in sustaining appellee's motion to strike certain allegations from appellants' amended and substituted petition and amendment thereto was correct, and it is—
*Affirmed.*

All the justices concur.