(No. 5202.   January 19, 1929.)

GEO. FORSMAN, Administrator of the Estate of JESSE DAVIS, Deceased, and DELLA DAVIS, Appellants, v. FRED C. HOLBROOK and BESSIE' M. HOLBROOK, and THE LEWISTON NATIONAL BANK, a Corporation, Respondents.

[274 Pac. 111.]

C. H. Baldwin, for Appellant,

Cox & Martin for Respondent Lewiston National Bank.

TAYLOR, J.—This appeal is from an order denying motion for new trial.

The trial was before the court without a jury. At the close of plaintiff's evidence, on October 13, 1927, defendant Lewiston National Bank made a motion "for judgment on the evidence." After argument upon this motion, the court announced: "The motion of the defendant Lewiston National Bank is granted. . . . . The judgment in favor of the defendant Lewiston National Bank is allowed." On October 26, 1927, the court made and filed findings of fact and conclusions of law, and judgment was entered thereon. In the interim, on October 22, 1927, the appellants filed a motion for new trial. On January 28, 1928, the court made an order denying the motion for new trial.

Respondent makes a motion to dismiss the appeal, and likewise upon the merits contends for an affirmance of the order denying a new trial upon the same ground, that the motion for a new trial was premature and not in compliance with C. S., sec. 6890, having been made prior to the filing of the findings of fact and conclusions of law, and that the trial court had no jurisdiction to entertain a motion for a new trial.

C. S., sec. 6887, defines a new trial as follows:

"A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees."

C. S., sec. 6888, provides the grounds upon which "the former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved," and C. S., sec. 6890, provides that:

"The party intending to move for a new trial must, within 10 days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his motion designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the records and files in the action, or the minutes of the court."

In *Tucker v. Hypotheek Mining & Milling Co.*, 31 Ida. 466, 173 Pac. 749, it is said that the right to a new trial is statutory, and that the foregoing sections authorize the granting of a new trial in case a former hearing has proceeded to a verdict or its equivalent, the decision of an issue or issues of fact by a court or referee; that granting nonsuit and judgment thereon does not constitute the trial of an issue of fact; and that error in granting a nonsuit is not a ground of motion for new trial.

It was in reliance upon the foregoing that, in *Young v. Washington Water Power Co.*, 39 Ida. 539, 228 Pac. 323, a minute showing the granting of a nonsuit and dismissal of the case, was held to be the decision of the court under C. S., sec. 7218, starting the running of the "five days after . . . . the decision of the court," in which to file a cost bill. It was there said, however, that "findings and conclusions" are "ordinarily the decision of the court to which sec. 7218 refers."

In *Caldwell v. Wells*, 16 Ida. 459, 101 Pac. 812, it was held that the "decision," where a cause is tried to the court, means findings of fact and conclusions of law, and not

the judgment. To the same effect is *Busler v. Fletcher,* 22 Ida. 172, 125 Pac. 226.

In *Stewart Mining Co. v. Ontario Mining Co.,* 23 Ida. 724, 132 Pac. 787, it was held that an oral opinion, announced by the court from the bench prior to making findings of fact and conclusions of law, was no part of the decision of the court; that "the decision consists of the findings of fact and conclusions of law which must be in writing and filed with the clerk," under C. S., sec. 6866.

It frequently happens that an oral opinion is announced from the bench prior to making findings of fact and conclusions, which may not, and under C. S., sec. 6866, need not, be made and filed within ten days of such announcement. If such announcement from the bench may start the ten days' period, under C. S., sec. 6890, within which to give notice of motion for new trial, then it must do so in every such event. The result would be, in many instances, that the party called upon to give notice of motion would be unable to anticipate what the findings would be, and it would be impossible to "specify the particulars in which the evidence is alleged to be insufficient" to "justify the decision" (C. S., sec. 6890), or in what particulars the decision "is against law," which is one of the grounds of motion for new trial (C. S., sec. 6888).

Upon authority and reasoning, it must be concluded that the "decision" referred to in C. S., secs. 6887, 6888, and 6890, in a case tried by the court without a jury, and decided upon an issue of fact, is a decision "given in writing and filed with the clerk," consisting of the facts found and the conclusions of law (C. S., sec. 6867), unless findings of fact are waived (C. S., sec. 6868).

In *Smith v. Faris-Kesl Construction Co., Ltd.,* 27 Ida. 407, 150 Pac. 25, it was held that a cost bill filed before such decision, was premature. In *Brockman v. Hall,* 37 Ida. 564, 218 Pac. 188, it was held that service of the notice of motion is jurisdictional. Precedents from other jurisdictions are found, that a motion for new trial must not be premature.

(3 C. J., p. 966, note 35.)   In *Garard v. Garard*, 135 Ind. 15, 34 N. E. 442, 809, it is said that it is just as much a failure in statutory conformity to file a motion for new trial before the proper time as it is to file it after that time.

We conclude that the service of motion herein was premature, and not a compliance with C. S., sec. 6890; that the trial court was without jurisdiction to entertain the motion for new trial; and that this is ground for and compels affirmance of the order denying a new trial. The order is affirmed.   Costs to respondent.

Budge, C. J., Givens and Wm. E. Lee, JJ., and Hartson, D. J., concur.