(No. 5909.   October 17, 1932.)

In the Matter of the Application for Annexation of COM-
MON SCHOOL DISTRICTS Nos. 18 and 21 to INDE-
PENDENT SCHOOL DISTRICT No. 1, MINIDOKA
COUNTY, STATE OF IDAHO.

[15 Pac. (2d) 732.]

George H. Smith, H. B. Thompson and Chas. A. Root, for Appellant.

H. V. Creason, for Respondent.

GIVENS, J.—Common School District No. 18 in Minidoka county lapsed under the provisions of chap. 215, Sess. Laws 1921, p. 427, and acts amendatory thereof, and became thereby and by reason of chap. 101, Sess. Laws 1929, part of the unorganized school district of Minidoka county.

Through the territory formerly in district No. 18 extends several miles of the main line east and west of the Oregon Short Line Railroad Company.

Thereafter, under the provisions of chap. 121, Sess. Laws 1931, p. 208, the territory formerly in district No. 18 was annexed to Independent School District No. 1 at Rupert, Idaho, adjoining and being contiguous thereto.

The Oregon Short Line Railroad Company resisted such annexation, and appeals from the order of the district court affirming the action of the board of county commissioners on three principal grounds, first, that the petition and evidence did not show that there were less than five qualified electors in such lapsed district.

Sec. 9, chap. 121, *supra,* specifies only three conditions precedent, or what might be termed jurisdictional requirements, for annexation: first, that the school district has lapsed. This is not questioned. Second, that there be no outstanding indebtedness. This, also is not questioned. Third, that less than five qualified electors reside in the district.

Appellant in its protest alleged that: ''All of which territory (within the lapsed district) is dry, unirrigated, barren, unproductive and uninhabited. . . . . '' If the territory is *uninhabited,* and appellant itself so stated, it perforce con-

tains less than five qualified electors; thus appellant is in no position to urge that the petition and showing in this particular was not sufficient.

Appellant's main point specified in several assignments is that either the county commissioners did not have the power to make the annexation or abused their discretion in so doing.

Since the statute itself gives the county commissioners power, where the three conditions above noted obtain, to make the annexation, where they exist as they did herein, there can be no abuse of discretion.

" 'In a nut-shell, this whole controversy arises over a question of judgment. The petitioners before the board, the appellants here, are not in agreement with the members of the board. That disagreement of itself is not for the courts. The law has plainly vested the board of directors of school districts such as this with discretionary powers in such matters, and the directors having examined into and passed upon the matter in the exercise of their discretion, the courts .have no right or power to review the conclusions reached by them as a board in the absence of a showing of abuse, of discretion on their part, which is not the case here.' " (*In re Chelan Electric Co.*, 152 Wash. 412, 65 A. L. R. 1520, 278 Pac. 171, 172.)

While in his memorandum decision the trial court construing *School Dist. No. 12 v. School Dist. No. 33*, 25 Ida. 554, 139 Pac. 136, indicated there was more abuse of discretion therein than here, in his findings he held there was no abuse herein. The memorandum is of no force or effect (*Stewart Min. Co. v. Ontario Min. Co.*, 23 Ida. 724, 132 Pac. 787; *Smith v. Faris-Kesl Con. Co.*, 27 Ida. 407, 150 Pac. 25; *Corker v. Cowen*, 30 Ida. 213, 164 Pac. 85; *Young v. Washington Water Power Co.*, 39 Ida. 539, 548, 228 Pac. 323; *Forsman v. Holbrook*, 47 Ida. 241, 274 Pac. 111); thus appellant's argument in this particular is of no avail.

The legislature has plenary power over the formation, operation, etc., of school districts, and may delegate this power. (*Fenton v. Board of County Commrs.*, 20 Ida.

392, 119 Pac. 41; *Norton v. Lakeside Special School Dist.*, 97 Ark. 71, 133 S. W. 184; *Corpier v. Thomason*, 155 Ark. 509, 244 S. W. 738; *Special School Dist. v. Pyatt Special School Dist.*, 172 Ark. 602, 289 S. W. 778; *People v. Camargo Community Consol. School Dist.*, 313 Ill. 321, 145 N. E. 154; *Attorney General of Michigan v. Lowrey*, 199 U. S. 233, 26 Sup. Ct. 27, 50 L. ed. 167; *School Dist. No. 94 v. King*, 20 N. D. 614, 127 N. W. 515; *El Dorado Ind. School Dist. v. Tisdale*, (Tex. Com. App.) 3 S. W. (2d) 420; *School Dist. No. 48 v. School Dist. No. 115*, 60 Or. 38, 118 Pac. 169; *Pass School Dist. v. Hollywood City School Dist.*, 156 Cal. 416 20 Ann. Cas. 87, 105 Pac. 122, 26 L. R. A., N. S., 485; *People v. San Bernardino High School Dist.*, 62 Cal. App. 67, 216 Pac. 959; *Broyles v. Mahon*, 72 Cal. App. 484, 237 Pac. 763.) In *Antelope Valley Union High School Dist. v. McClellan*, 55 Cal. App. 244, 203 Pac. 147, the court said:

"The establishment of a system of public instruction throughout the state is a governmental function, as to which the state reserves to itself the means of giving it complete effect and full efficiency without regard to the wishes of the people 'deficient in proper appreciation of its advantages.' Cooley on Taxation (3d Ed.) vol. 2, p. 1299. Possessing such power to create, alter, or abolish districts, the function, governmental in its nature, may be exercised immediately by the Legislature or by subordinate bodies to whom the matter is delegated, subject to such conditions, and without notice, as it may impose. In the absence of constitutional restrictions, and there are none affecting this case, the question as to whether boards of supervisors may exercise such delegated power without notice is a question solely for the determination of the Legislature, and in its wisdom it has not required the giving of notice."

Herein, however, notice was given, and a hearing had with opportunity for appellant to protest.

The mere fact that the railroad right of way may not itself be used for school purposes is not a valid objection to the annexation. (*St. Joseph & G. I. Ry. Co. v. School Dist.*, 114 Kan. 67, 217 Pac. 296.)

The taxes levied in a school district are not special assessment taxes, and the benefits are not the same as though connected with a city, town or village. (*Fenton v. Board of County Commrs., supra; School Dist. No. 8 v. Twin Falls Co. Mutual Fire Ins. Co.,* 30 Ida. 400, 164 Pac. 1174.)

Appellant relies on *Oakland School Dist. v. Board of Education,* 100 Kan. 59, 163 Pac. 800. It is interesting to follow the subsequent litigation involving this school district, finally resulting in approval of an annexation which was first denied. (*Prairie Oil & Gas Co. v. Board of Education,* 112 Kan. 737, 212 Pac. 900; *St. Joseph & G. I. Ry. Co. v. School Dist., supra; State v. Board of Education,* 122 Kan. 701, 253 Pac. 251, which last case well states the power of the legislature to either directly or through subordinates change or modify the boundaries of a school district.)

Whether the question be one of power or discretion, the previous rulings of this court sustain the judgment of the lower court. (*Bobbitt v. Blake,* 25 Ida. 53, 136 Pac. 211.)

Other authorities cited by appellant have to do with cases where the territory to be annexed by one school district was already a part of another district. (*Heaton v. Jackson,* 34 Ohio App. 424, 171 N. E. 364; *School Dist. No. 14 v. School Dist. No. 27,* 195 Mo. App. 504, 193 S. W. 634.)

Where the county commissioners are given express power and authority to do certain things under certain conditions, it cannot be said that following the law constitutes an abuse of discretion. (*Bobbitt v. Blake, supra.*) There was no gerrymandering or distortion of lines to avoid voters, and the mere fact that additional taxable territory was taken into the district rather than leaving it in an unorganized school district which takes in the entire county outside of organized school districts does not militate against the above conclusion. (*Thie v. Consolidated Ind. School Dist.,* 197 Iowa, 344, 197 N. W. 75.)

Judgment affirmed; costs to respondent.

Lee, C. J., and Budge and Leeper, JJ., concur.

Petition for rehearing denied.