(No. 6063.   March 5, 1934.)

JAMES A. WAYNE, as President of COEUR D'ALENES LEAD COMPANY; ROGER W. GREENOUGH, as Secretary and Treasurer of Said COEUR D'ALENES LEAD COMPANY, and Said COEUR D'ALENES LEAD COMPANY, a Corporation, Respondents, v. HERMAN MARQUARDT and WALTER H. HANSON, Appellants.

[30 Pac. (2d) 369.]

Walter H. Hanson and F. C. Keane, for Appellants.

Gray & McNaughton and James A. Wayne, for Respondents.

WERNETTE, J.— This appeal is taken from an order of the district court denying appellants' motion for new trial. Respondents, in their brief, raise the question of the failure of appellants to file their notice of, or motion for new trial within the ten-day period provided by sec. 7-604, I. C. A., which, in part, reads as follows:

"The party intending to move for a new trial must, within ten days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his motion. . . . . "

This action was tried to the district court sitting without a jury. The findings of fact, conclusions of law and decree of the district court were entered and filed January 27, 1933. Appellants did not file a notice of intention to move for a new trial, but did, on February 9, 1933, serve and file a motion for new trial. Thus neither a notice nor the motion was filed within the ten days provided by sec. 7-604, I. C. A.

This court is without discretion in the premises. The granting of a new trial by the district court is entirely a matter of statute and if the moving party had not complied with the provisions of the statute, as in this case, the district court was without jurisdiction and properly ruled in denying the motion for new trial. (*Hess v. Swanson,* 36 Ida. 135, 209 Pac. 721; *Brockman v. Hall,* 37 Ida. 564, 218 Pac. 188.) The ten-day statutory period started running upon the filing of the findings of fact, conclusions of law and decree of the district court. (*Forsman v. Holbrook,* 47 Ida. 241, 274 Pac. 111.)

Other assignments and grounds for dismissal, set forth by respondents, need not be considered for the noncompliance with the statute, above set forth, is jurisdictional in nature and, consequently, conclusive.

The order denying motion for new trial is affirmed.

Costs to respondents.

Budge, C. J., and Givens, Morgan and Holden, JJ., concur.